# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-01587-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE PRUDENTIAL INSURANCE COMPANY ) | |
| OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Deborah Green's ("Green") Motion to Supplement Administrative Record (#19), filed on February 25, 2013. The Court also considered Defendant The Prudential Insurance Company of America's ("Prudential") Response (#21), filed on March 13, 2013.

## BACKGROUND

On September 6, 2012, Green filed a complaint seeking relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Prudential to recover benefits allegedly due pursuant to a long-term disability plan sponsored by her employer. In the instant motion, Green seeks to supplement the Administrative Record ("AR") with four groups of documents including the affidavit of Lenny Ladao, the patient log notes referred to therein, and Dr. Nagy's letter dated April 12, 2012.[1]  *See* Pla.'s Mot. #19, Exh. 3. In doing so, Green contends that the AR should be supplemented with these documents because they will assist the Court in determining the extent to which Prudential's structural conflict of interest affected the

---

[1] The Court notes that Plaintiff's Motion to Supplement the Administrative Record is untimely under the Discovery Plan and Scheduling Order (#18), which sets a February 22, 2013 deadline. However, Prudential failed to raise this issue in its response and therefore the Court will address the substance of Plaintiff's motion.

decision-making process. In contrast, Prudential argues that the Court is limited to reviewing the AR as it existed at the time of Prudential's decision and there is no evidence of an actual conflict of interest that warrants supplementing the AR.

## DISCUSSION

### I. Standard of Review

The decision of whether to allow the AR to be supplemented is linked to the standard of review. De novo is the default standard of review in denial of ERISA benefits cases. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, (1989). An abuse of discretion standard is applied to a benefits denial when the plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the plan's terms. *Firestone*, 489 U.S. at 111; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). The Ninth Circuit has determined that where an insurer has a conflict of interest arising out of serving dual roles as administrator and funding source for the plan, judicial review of such a decision is for abuse of discretion. *Abatie*, 458 F.3d at 967.

### II. Admissibility of Evidence Outside the AR

When conducting de novo review, a court has discretion to consider evidence outside the record. *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943-44 (9th Cir.1995). Examples of when such evidence may be necessary to conduct an adequate de novo review include: instances where the payor and the administrator are the same entity and the court is concerned about impartiality and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process. *Opeta v. N.W. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007). In contrast, when a court is reviewing a plan administrator's decision for abuse of discretion, the review is strictly limited to the evidence in the record. *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1472 (9th Cir. 1993). However, when looking for evidence of conflict of interest to determine the correct standard of review, the district court is not limited to the administrative record before the plan administrator at the time the denial was made. *Abatie*, 458 F.3d at 967. Instead, the court should consider what additional evidence is required "to enable the full exercise of informed and

independent judgment." *Mongeluzo*, 46 F.3d at 943.  The court has discretion to determine what, if any, evidence outside of the AR will be considered in determining the correct standard of review and in actually reviewing the decision to terminate benefits.

### III.   Conflict of Interest

This order will not resolve whether the benefits decision at issue in this case will be reviewed for abuse of discretion or de novo.  In fact, the issue of what standard of review should be applied to the determination of this action has not been fully briefed.  Green assumes, for the purpose of this motion, that the abuse of discretion standard of review applies.  *See* Pla.'s Mot. #19, 2.  Prudential concedes that it is the claims administrator and insurer of benefits.  Therefore, this Order will focus on whether the supplemental information goes to the question of whether an actual conflict exists.

In determining whether a conflict of interest affected the administrator's decision-making, the Ninth Circuit has held that extrinsic evidence may be considered to determine the nature, extent, and effect on the decision-making process.  *Abatie*, 458 F.3d at 970.  Here, the Court is not persuaded that supplemental evidence proffered by Green relates to an actual conflict of interest.  Green contends that without the supplement, the Court will find Green's physician's lack of response to Prudential's examiner's questions to constitute tacit acceptance of the opinion that Green was not disabled.  *See* Pla.'s Mot. #19, 5.  Also, Green insists that her physician's request for payment for his opinion and the subsequent failure by Prudential's examiner to respond to the request highlight a conflict of interest as Prudential had a convenient reason to uphold the termination of benefits decision.  Additionally, Green alleges that these documents could not have been submitted with her two appeals because they were generated after the AR was closed.  In contrast, Prudential argues that the supplemental evidence does not demonstrate a prejudicial procedural irregularity, history of biased claims administration, or personal animus that would constitute an actual conflict of interest.  Prudential classifies the proffered documents an unsuccessful attempts to communicate between Dr. Nagy and Dr. Synder.  The Court agrees that Green has not established that Prudential was operating under an actual conflict of interest.  The objective medical evidence related to Green's impairment considered by Prudential is included in

the AR and therefore does not need to be supplemented. Additionally, the AR notes that Dr. Nagy and Dr. Synder were not able to communicate prior to the issuance of his report. Therefore, at this point, the Court will deny Green's motion without prejudice. Once the issue of what standard of review applies in this case is decided, then the issue of whether any extrinsic evidence is allowed may become relevant again.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff Deborah Green's Motion to Supplement Administrative Record (#19) is **denied without prejudice**.

DATED this 25th day of March, 2013

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**